UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GOTION INC., <br><br> Plaintiff, <br><br> v. <br><br> GREEN CHARTER TOWNSHIP, a Michigan general law township, <br><br> Defendant. | Civil Action No. 1:24-cv-00275 |

**UNOPPOSED MOTION FOR LEAVE TO FILE MEMORANDUM
EXCEEDING WORD LIMITATIONS OF LOCAL CIVIL RULE 7.3(b)(i)**

Pursuant to the Western District of Michigan Local Rules of Civil Practice and Procedure 7.1(b)(4), Defendant Green Charter Township, a Michigan general law township (the "Township"), respectfully requests leave to file the attached Memorandum in Support of Motion for Stay Pending Appeal in excess of the 4300-page limitation set forth in L.Civ.R. 7.3(b)(i). MLA's proposed memorandum, which addresses two motions, is 7,653 words. Plaintiff Gotion Inc. does not oppose the Motion and thus it should be granted. *Carroll v. Young*, No. 1:19-CV-00153-GNS-HBB, 2023 WL 6151233, at *1 n.1 (W.D. Ky. Sept. 20, 2023), *aff'd*, No. 23-5884, 2024 WL 2852085 (6th Cir. June 5, 2024) (granting leave to exceed page limits because non-moving party did not oppose).

"In its discretion, the court may in a particular case shorten or enlarge any time, word count, or page limit established by these rules, with or without prior notice or motion." L.Civ.R. 7.1(c). Courts should exercise this discretionary power when good cause is shown. *Bogaert v. Land*, No.

1:08-CV-687, 2008 WL 2952006, at *3 (W.D. Mich. July 29, 2008) ("Defendant Land and Plaintiff have shown good cause for exceeding the page limits set by the Local Rules by three and five pages, respectively."); *see also Penland v. Warren Cnty. Jail*, 759 F.2d 524, 530 (6th Cir. 1985) (granting expansion of page limits for good cause shown."); *In re Neo Wireless, LLC Pat. Litig.*, No. 2:22-MD-03034-TGB, 2022 WL 17077494, at *4 (E.D. Mich. Nov. 18, 2022) ("party must seek leave from the Court showing good cause to exceed these page limits.").

The District Court for the Western District of Michigan has previously given leave for parties to file memorandum exceeding 4,300 words. *Ross v. Parrot's Landing, Inc.*, No. 1:18-CV-725, 2021 WL 5767142, at *9 (W.D. Mich. Oct. 28, 2021), *aff'd*, No. 21-1774, 2022 WL 7367263 (6th Cir. Oct. 13, 2022); *Wayside Church v. Van Buren Cnty.*, No. 1:14-CV-1274, 2023 WL 9064868, at *3 (W.D. Mich. Aug. 22, 2023). The Sixth Circuit has done the same for motions seeking stays. *Commonwealth v. Beshear*, 981 F.3d 505, 511 (6th Cir. 2020).

This motion is brought on the grounds that the Motion for Stay Pending Appeal combines two separate but related motions combined into one to preserve judicial resources and economy. The Motion entails a request for the Court to stay all proceedings post-discovery using its inherent powers. The Motion also entails a request for the Court to stay the preliminary injunction pending the outcome of the Sixth Circuit appeal initiated by the Township's concurrent filing of a Notice of Appeal.

These motions are dependent upon the same statement of facts and require the Court to consider substantially similar equitable elements. As the Court will see, the fact section alone is 956 words. This is not due to the inclusion of superfluous information, but instead represents a discerning and narrowed presentation of facts necessary for this Court's determination. To duplicate these facts in two separate filings would not be an efficient use of this Court's time and

resources. At the same time, the combined motion uses less words than two motions would encompass at the full word limit (7,653 words vs. 8,600 words).

Further, as explained in the Motion's accompanying memorandum, the nature of the relief sought is an equitable stay pending an interlocutory appeal. As a result, the Township was required to provide substantial precedent to demonstrate that the Court has the authority to grant the relief sought. *Commonwealth*, 981 F.3d at 511.

The Township has demonstrated diligence, substantial need, and good cause and thus this motion for leave to file a memorandum exceeding Local Civil Rules 7.3(b)(i)'s page limitation should be granted.

WHEREFORE, Defendant Green Charter Township, a Michigan general law township, respectfully requests that this Honorable Court grant this Unopposed Motion for Leave to File Memorandum Exceeding Word Limitations of Local Rule 7.3(b)(i).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: September 6, 2024 | s/ *T. Seth Koches* <br> T. Seth Koches (P71761) <br> Attorneys for Defendant <br> 470 W. Centre Ave., Suite A <br> Portage, Michigan 49024 <br> (269) 382-4500 <br> koches@michigantownshiplaw.com <br> satchwell@michigantownshiplaw.com |
|  | s/ *Eric P. Conn* <br> Christopher S. Patterson (P74350) <br> Eric P. Conn (P64500) <br> Kyle A. O'Meara (P83075) <br> Fahey Schultz Burzych Rhodes PLC <br> Attorneys for Defendant <br> 4151 Okemos Road <br> Okemos, Michigan 48864 <br> (517) 381-0100 <br> cpatterson@fsbrlaw.com |

        econn@fsbrlaw.com
        comeara@fsbrlaw.com

        s/ *Robert T. Dube Jr.*
        Mark J. Blando, Esq. (#MN38988)
        Robert T. Dube Jr., Esq. (#MN401597)
        10 South Fifth St., Suite 800
        Minneapolis, MN 55402
        (612) 236-0160
        mblando@ecklandblando.com
        rdube@ecklandblando.com

        *Attorneys for Defendant Green Charter Township*

## CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 7

Per Local Civil Rule 7.1(d), I hereby certify that counsel for Defendant Green Charter Township met and conferred with counsel for Plaintiff Gotion, Inc. on September 5, 2024, regarding this Motion and that Defendant does not oppose this Motion.

        s/ *Robert T. Dube Jr.*
        Robert T. Dube Jr., Esq.

## CERTIFICATE OF SERVICE

I, Robert T. Dube Jr., hereby certify on the 6th day of September 2024, I electronically filed the foregoing document and any attachments with the ECF system which will send notification of such to all parties of record.

        s/ *Robert T. Dube Jr.*
        Robert T. Dube Jr., Esq.