**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GOTION, INC.,

        Plaintiff,

                           Case No. 1:24-cv-00275

v.

                           HON. JANE M. BECKERING

GREEN CHARTER TOWNSHIP,
a Michigan charter township,            **ORAL ARGUMENT REQUESTED**

        Defendant.

_____/

**<u>DEFENDANT'S BRIEF IN SUPPORT OF FIRST MOTION TO COMPEL DISCOVERY
RESPONSES, CONTINUE DEPOSITIONS OF CHAPMAN AND THELEN, AND
COMPEL THE DEPOSITION OF LI</u>**

**ORAL ARGUMENT REQUESTED**

## TABLE OF CONTENTS

Index of Authorities ................................................................................................... iii

Introduction ............................................................................................................... 1

Statement of Facts ..................................................................................................... 1

Legal Standards ......................................................................................................... 4

Argument ................................................................................................................... 6

I.    Gotion's responses to the Township's requests for production violate the Federal Rules of Civil Procedure. ...................................................................................................... 6

II.    Federal Rule of Civil Procedure Rule 37(a)(3)(B)(i) allows this Court to enter an order requiring the continuation of depositions of James Chapman and Charles Thelen. ...................... 10

III.    The Court should compel Gotion to make Chen Li available for a deposition. .............. 11

Conclusion/Requested Relief ................................................................................... 13

Certificate of Compliance ....................................................................................... 14

Certificate of Service ............................................................................................... 14

## INDEX OF AUTHORITIES

**Cases**

*Jones v. Johnson*,
   801 F. App'x 338, 350 (6th Cir. 2020)........................................................................5

*Koe v. Univ. Hosps. Health Sys.*,
   No. 22-3952, 2024 U.S. App. LEXIS 5695, at *9 (6th Cir. Mar. 8, 2024)..............5

*Loyd v. Saint Joseph Mercy Oakland*,
   766 F.3d 580, 593 (6th Cir. 2014)............................................................................5

*Nelson v. I.Q. Data Int'l, Inc.*,
   No. 22-12710, 2024 U.S. Dist. LEXIS 104873, at *4 (E.D. Mich. June 12, 2024)..............5

*Serrano v. Cintas Corp.*,
   699 F.3d 884, 901 (6th Cir. 2012)........................................................................6, 12

*Audi AG v. D'Amato*,
   469 F.3d 534, 550 (6th Cir. 2006)............................................................................6

**Rules**

Rule 26......................................................................................................................4, 5

Rule 16(b)(4)..................................................................................................................12

Rule 26(b)(1)........................................................................................................4, 5, 6, 9

Rule 26(c)..........................................................................................................................5

Rule 30(c)(2)...................................................................................................................10

Rule 37(a)(1)......................................................................................................................5

Rule 37(a)(3)(B)(i)..................................................................................................5, 10, 12

Rule 37(a)(3)(B)(iv)...........................................................................................................5

Rule 6(b)(1)......................................................................................................................12

## INTRODUCTION

For the reasons below, Defendant Green Charter Township ("Township") respectfully requests this Court to grant its First Motion to Compel Discovery Responses from Defendant Gotion, Inc. ("Gotion"), Continue Depositions of Chapman and Thelen[1], and Compel the Deposition of Li. [2]

## STATEMENT OF FACTS

The Township served upon Gotion its First Set of Requests for Production of Documents ("Requests for Production") on August 2, 2024. (ECF No. 42.); see also **(Exhibit A - Township's Requests for Production.)**. It has also sought and taken the depositions of former Township Supervisor James Chapman (the Township signatory of the Development Agreement[3] at-issue in this litigation) and Charles Thelen, Gotion's Vice President of North American Manufacturing who has submitted a declaration in this litigation and was/is intimately involved with the Township and Gotion's proposed project in the Township. (See e.g., ECF No. 3-1, Page ID.182.)

The Township has also sought from Gotion's counsel the deposition of Chen Li, Gotion's signatory of the Development Agreement. After repeated discussions and correspondence, and a

---

[1] At the time of drafting this brief, the Township has not yet received the deposition transcripts or recording of Mr. Thelen's deposition. To consolidate discovery issues to a single motion filed before the cut-off of discovery, the Township intends to file a supplemental pleading with supporting deposition testimony to support the factual assertions within (which are made from memory of Mr. Thelen's deposition).

[2] At the time of drafting this brief, Gotion has not yet responded to the Township's First Set of Interrogatories ("Interrogatories"). (ECF No. 43.) The Township reserves the right to supplement the underlying motion for this brief should Gotion's responses fail to comply with the Federal Rules of Civil Procedure.

[3] Consistent with prior pleadings, the Township's position is the Development Agreement is not an enforceable contract.

subpoena, Gotion has refused to allow the Township to take the deposition of Mr. Li. See **(Exhibit B - Township Subpoena and Selected Correspondence Regarding Deposition of Chen Li.)**

There are three general issues that occurred with respect to discovery as summarized below.

### 1. *Gotion's Answers to the Requests for Production*

Gotion waited until the deadline to provide its written responses and responsive documents to the Township's Requests for Production. **(Exhibit C - Correspondence from Gotion's Counsel and Responses to Requests for Production)** and then, when its production was due, requested entry of a protective order as there was "at least one" additional responsive document, but it was allegedly proprietary and confidential. A privilege log was not produced with the responses as noted in **Exhibit C** and still was not produced until a September 7, 2024 inquiry by Township's counsel.

Gotion provided approximately 907 pages of documents in response to the Township's Requests for Production and its privilege log noted about 24 documents withheld from production—all generally related to attorney-client privilege or attorney work product. **(Exhibit D - Gotion Privilege Log.)** An inspection of Gotion's responses to the Requests for Production reveals that Gotion has improperly self-selected what it has determined to be relevant to this case for production and has withheld certain allegedly confidential or proprietary information without noting documents withheld on that basis.

For illustration, Gotion has noted it would produce "relevant and non-privileged documents" (or some similar terminology) in responses to Requests for Production #1, #2, #4, #7, #8, #10, #11, #12, #13, #14, #15, #16, #17, and #18, indicating that Gotion made unilateral determinations of relevance concerning documents that were responsive to the Township's requests.  Gotion's privilege log does not denote any documents withheld on the basis of relevance.

2

Gotion similarly makes blanket objections to not provide the Township with information that is confidential or proprietary without entry (or request to the Court) of a protective order in responses to Requests for Production #1, #2, #4, #5, #6, #7, #8, #10, #11, #12, #13, #15, and #18. Further, upon initial inspection, Gotion's production does not include links to videos titled "Chat with Chuck" responsive to Request for Production #3, which are virtual town-hall Q&A videos that discuss various aspects of Gotion's proposed project (including political commentary on actions by the Township) that are relevant to the litigation. See (**Exhibit E - May 30, 2024 Big Rapids Pioneer Article on Second "Chat with Chuck"**.)

      ***2. Former Township Supervisor James Chapman Failed to Answer Questions Asserting Attorney-Client Privilege Related to a Zoom Meeting with Warner Norcross + Judd LLP ("WNJ") and Gotion.***

The Township also experienced surprising failures to answer questions from Mr. Chapman during his deposition. Notably, he produced for his deposition what appears to be a Zoom meeting invitation from an attorney at WNJ related to a planning commission referendum petition that included WNJ, Mr. Chapman, Tracy Ruell (a candidate for Michigan's House of Representatives), Mr. Thelen, and other various employees of Gotion. **(Exhibit F- Annotated Zoom Invitation and Chapman Deposition Transcript.)**

Gotion's counsel on pages 170-171 of the deposition transcripts made an attorney-client privilege objection during Mr. Chapman's deposition, but apparently not on behalf of Mr. Chapman and noted Mr. Chapman can answer questions about this Zoom meeting. Mr. Chapman then on pages 179-180 of the deposition transcript does not answer various questions purportedly based on attorney-client privilege. When questioned about the same meeting in his deposition, Mr. Thelen testified about the nature of that meeting with no attorney-client privilege objections from WNJ.

**3. *Gotion's Charles Thelen does not answer a variety of questions during his deposition due to confidential/proprietary information and a non-disclosure agreement that was never produced to Township's counsel.***

During Mr. Thelen's deposition, Mr. Thelen repeatedly refused to answer questions related to Gotion's proposed project in the Township. His reasoning for refusing to answer the questions appeared to be if he viewed the information as confidential or proprietary and/or subject to a purported non-disclosure agreement ("NDA") with the Michigan Economic Development Corporation ("MEDC"). The NDA was never produced to Township's counsel upon request and hampered the Township's ability to conduct the deposition. At a minimum, the alleged NDA should be reviewed in camera so that the Court can make a determination whether questions related to the project and its conversations with the MEDC.

**4. *Gotion refused to allow the Township to depose Chen Li.***

Last, Gotion refused to allow the Township to take the deposition of Chen Li despite the Township issuing a subpoena on August 9, 2024, and at multiple times discussing his deposition with counsel. Chen Li signed the Development Agreement on behalf of Gotion, and Mr. Thelen testified during his deposition that Chen Li possessed at least some degree of oversight and authority with respect to Gotion's operations in Green Charter Township, including for example, the approval of costs and expenses related to the Project, which have become important due to conflicts of interest that the prior Township Board Members had (but did not disclose) that were identified through discovery.

## LEGAL STANDARDS

Discovery requests are governed by Federal Rule of Civil Procedure 26. Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Information within the

scope of discovery need not be admissible in evidence to be discoverable. *Id.* Rule 26(b)(5) requires parties that withhold information that is otherwise discoverable to prepare a privilege log that will allow parties to assess the claim of privilege or other basis for withholding materials.

To determine whether a party's request is in proportion to the case's needs, a court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relevant access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(1).  "The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.") *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 593 (6th Cir. 2014) citing *Lewis v. ACB Bus. Servs*., Inc., 135 F.3d 389, 402 (6th Cir. 1998).  Undue restrictions on parties obtaining relevant discovery materials violate the Federal Rules of Civil Procedure. *Jones v. Johnson*, 801 F. App'x 338, 350 (6th Cir. 2020). "[Courts] will not tolerate a party unilaterally and unreasonably deciding that requested discovery is not relevant or discoverable under proportionality based solely on its own litigation position." (internal citation omitted). *Nelson v. I.Q. Data Int'l, Inc.*, No. 22-12710, 2024 U.S. Dist. LEXIS 104873, at *4 (E.D. Mich. June 12, 2024) (attached as **Exhibit G**).

Where a party does not provide appropriate discovery responses, the party serving discovery may move for an order compelling that discovery. Rule 37(a)(1). Rule 37 governs compelling discovery responses (Rule 37(a)(3)(B)(i) (deponents failing to answer a question; Rule 37(a)(3)(B)(iv) (party fails to produce documents).

Rule 26(c) allows courts upon good cause to issue protective orders to generally protect a party from "abusive and harassing discovery." *Koe v. Univ. Hosps. Health Sys*., No. 22-3952, 2024 U.S. App. LEXIS 5695, at *9 (6th Cir. Mar. 8, 2024) (see attached as **Exhibit H**). A court may

enter a protective order for good cause based on enumerated harms that are illustrated with a particular and specific demonstration of fact, and not stereotyped and conclusory statements. *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012).

Last, Gotion's Complaint requests a permanent injunction. (ECF No.1, PageID.20.) A party requesting a permanent injunction must demonstrate that it has suffered irreparable injury, there is no adequate remedy at law, "that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted," and that it is in the public's interest to issue the injunction. *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006) citing *eBay Inc., et al. v. MercExchange*, LLC, 547 U.S. 388, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006).

## ARGUMENT

### I. Gotion's responses to the Township's requests for production violate the Federal Rules of Civil Procedure.

Gotion responses and document production in reference to the Township's requests for production improperly limit its production to only what Gotion deems is relevant and withholds various documents due confidentiality and proprietary information both: (1) without a protective order; and (2) without describing any withheld documents so the Township can assess whether any protections should apply.

First, to satisfy the requirements of Rule 26(b)(1), the Township offers the following brief commentary [4] with respect to the relevance of each of its Requests for Production.

> **1. Please produce any documents regarding the drafting, preparation, negotiation, and/or execution of the Development Agreement, including but not limited to drafts of the Development Agreement.** *Relevant as to the Township's defenses that the Development Agreement is an unenforceable contract, including, but not limited to, improper contract formation and acceptance. This also goes to the merits of the request for a permanent injunction and is, at a minimum, discoverable as a result.*

---

[4] This numbered list is not meant to be an exhaustive list of every reason for relevance.

2.  **Please produce all communications, both internal and external, regarding the drafting, preparation, negotiation, and/or execution of the Development Agreement.** *Same reasoning as #1.*

3.  **Please produce all videos Gotion has released, on any social media platform or otherwise, related to the Project, including but not limited to the videos titled "Chats with Chuck" posted to Gotion's Facebook page and any other public Q&A style videos posted or recorded by Gotion, from August 1, 2023, to the present.** *Relevant as to types of harms Gotion would/will suffer based on the Township's alleged breaches of the Development Agreement (e.g., Gotion representatives commenting on Township actions impacting the project and alternative plans). Further relevant to Gotion's obligations under the Development Agreement to abstain from supporting or encouraging any activity which supports or encourages any political philosophy amongst its employees or the Big Rapids community.*

4.  **Please produce all plans, schematics, drawings, depictions, renderings, or any other document regarding the development of the Project, whether in draft or final form and whether submitted to a public body or not.** *Relevant as it would help the Township understand the scope and status of the proposed project. Relevant as to whether an alleged breach of the Development Agreement results in irreparable harm and further to determine the project's progress to determine if any of the alleged breaches of the development agreement are reasonably likely to materially and adversely affect the project. (See Development Agreement, Section 4(c)* (ECF No. 1-1, PageID.26).

5.  **Please produce all studies, reports, analyses, and evaluations regarding the Project or the Project Site, including but not limited to ecological, environmental, feasibility, or economic studies.** *Same reasoning as #4.*

6.  **Please produce all documents regarding the clearing, grading, and/or filling of the Subject Property for the Project.** *Same reasoning as #4. Further relevant as to whether Gotion had adhered to the Development Agreement. See Development Agreement, Section 3(d) (Gotion requirement to obtain requisite governmental approvals for the proposed project). This is further relevant as to whether Gotion, which appears to have breached its obligations under Section 3(d), will prevail on the merits.*

7.  **Please produce all documents related to the construction phasing and permitting schedule of the Project.** *Same reasoning as #4.*

8.  **Please produce all communications, including letters, memos, email, and text messages by, with, and/or between Gotion and the following entities or persons (including any subsidiaries, bodies, officials, employees, affiliates, and agents of such entities) regarding the Project.** [See Exhibit A for the list]. *Same reasoning as #4.). Further relevant as to determining whether the Development Agreement is an enforceable contract (e.g., proper formation and acceptance).*

7

9. **Please produce an organization chart of Gotion or a similar document showing the corporate organization of Gotion.** *Relevant as to determining whether the Development Agreement is an enforceable contract and properly executed by Gotion. Upon information and belief, Gotion partially complied with this request by providing a corporate hierarchy. However, to date Gotion has not provided the organizational chart within Gotion, Inc.*

10. **Please produce all communications, including letters, memos, emails, and text messages by, with, and/or between any employee of Gotion Inc., including, but not limited to, Vice President of North American Manufacturing of Gotion Chuck Thelen, and signatory of the Development Agreement Chen Li regarding the Development Agreement.** *Same reasoning as #1.*

11. **Please produce all communications, both internal and external, regarding the provision of water to the Project.** *Same reasoning as #4.*

12. **Please produce all documents regarding the provision of water service to the Project, including but not limited to plans and alternative plans, in both final and draft form, prepared by or for Gotion.** *Same reasoning as #4.*

13. **Please produce all documents regarding the collection, treatment, and/or disposal of wastewater from the Project, including but not limited to plans and alternative plans, in both final and draft form, prepared by or for Gotion.** *Same reasoning as #4.*

14. **Please produce all submissions to entities having jurisdiction over the Project, including but not limited to the State of Michigan, the County of Mecosta, the City of Big Rapids, and the Township, for required permissions, permits, and approvals to construct the Project.** *Same reasoning as #4.*

15. **Please produce copies of all submissions and/or communications to federal, state, and local entities from which Gotion sought grants relating to the Project, including but not limited to the Michigan Economic Development Corporation, the Michigan Strategic Fund, and the Mecosta Economic Development Corporation, and any documents and/or communications regarding the award of such grants.** *Same reasoning as #4.*

16. **Please produce all receipts, invoices, copies of checks, or other documents regarding payments made by Gotion to the Township.** *Relevant as to the enforceability of the Development Agreement including Gotion's failure to meet obligations of the Development Agreement. Further relevant as whether breaching the Development Agreement results in irreparable harms and to determine the project's progress to determine if any of the alleged breaches of the development agreement are reasonably likely to materially and adversely affect the project.*

8

17. **Please produce all permits, permissions, and approvals issued for the Project from any governmental entity.** *Same reasoning as #4.*

18. **Please produce all documents regarding Gotion's actual expenditures related to the Project to date.** *Same reasoning as #4.*

Each Request for Production is relevant and Gotion should not withhold production from the Township by self-determining which documents it believes are relevant to Gotion's claims or the Township's defenses as it has done throughout its responses. The Township's Requests for Production are proportional to the needs of the case as: (1) Gotion has requested the extraordinary remedy of a permanent injunction (rather than monetary damages) for a breach of a contract and the Township needs the information above to fully evaluate the case under the permanent injunction factors above; (2) this case involves a potential 2.36 billion dollar project that could radically change the landscape of the Township (ECF No. 3-1, PageID.183.); (3) the Township has no other means of obtaining the information requested above—especially as demonstrated by Gotion refusing to answer questions due to alleged non-disclosure agreements; (4) Gotion, as a large international corporation, has the resources to provide the information above (which would mostly be electronically stored); and (5) the benefit of obtaining the information from the Requests for Production to determine if a permanent injunction should be entered against a governmental body, is not outweighed by the expense of Gotion needing to provide such information, which would most likely be electronically stored and produceable by Gotion. See Rule 26(b)(1).

Further supporting why Gotion should not be allowed to withhold information that it deems proprietary and/or confidential is this Court has not entered a protective order in this case. Moreover, failure to even identify the proprietary and/or confidential information by document type does not allow the Township to understand what information is being intentionally withheld and how that information, at a minimum, would interact with the factors necessary for this Court

to evaluate granting a permanent injunction. Allowing Gotion to self-select what information it will provide the Township will prejudice the Township and not allow a complete defense. Thus, the Township respectfully requests this Court to compel Gotion to produce documents and information fully responsive to its Requests for Production and not self-select to withhold information that it believes is not relevant to the Township's case or that it believes is confidential and/or proprietary.

**II. Federal Rule of Civil Procedure Rule 37(a)(3)(B)(i) allows this Court to enter an order requiring the continuation of depositions of James Chapman and Charles Thelen.**

Rule 37(a)(3)(B)(i) supports continuing the depositions of James Chapman and Charles Thelen for their improper failures to answer various deposition questions. Namely, Mr. Chapman did not answer questions during his deposition because of alleged attorney-client privilege that may or may not involve WNJ. Mr. Thelen did not answer questions due to purported confidential and/or proprietary information subject to a non-disclosure that was never produced.

Rule 30(c)(2) limits deponents to not answering questions only in limited circumstances such as preserving a privilege (such as the attorney-client privilege). For Mr. Chapman, WNJ objected to Township counsel's questioning, asserting attorney-client privilege, but then at the same time instructed Mr. Chapman he could answer the question asked. **(Exhibit F, Deposition Transcript Pages., Pages 170-171**.) These objections related to a Zoom call between Mr. Chapman, WNJ, Tracy Ruell, and Gotion. (**Exhibit F**) Likely related to the irregularity of the attorney-client privilege objection from WNJ (who later asserted they never represented Mr. Chapman. See **Exhibit F, Deposition Transcript Page 170)**, Mr. Chapman then refused to answer a series of questions from the Township's counsel related to this Zoom meeting without specifying his objections.  (**Exhibit F, Deposition Transcript Pages 179-180**).

Mr. Chapman's refusal to answer such questions about the Zoom meeting with WNJ and Gotion violates the Federal Rules of Civil Procedure as: (1) there was no basis for not answering by Mr. Chapman; and (2) no attorney-client privilege could exist related to the Zoom call as WNJ admitted that it has not represented Mr. Chapman. The information regarding the unanswered questions is relevant as it could potentially relate to: (1) Township defenses as to Gotion coordinating political activities to attempt to prohibit the Township to self-zone and enact a lawful ordinance (authorized under the Development Agreement). (ECF No. 1-1, PageID.25-26.); see Development Agreement, Sections 3(m) and (n); and (2) the necessity of WNJ being fact-witnesses in this litigation with respect to this Zoom call.

For Mr. Thelen, his refusal to answer deposition questions that he believed the answers given would be confidential, proprietary, or subject to an unproduced non-disclosure agreement is not supported by the Federal Rules of Civil Procedure—especially without a protective order. These answers are necessary for the Township to support defenses of Gotion not being entitled to equitable relief, among other things. Therefore, this Court should order the continuation of Mr. Chapman's deposition to require him to answer questions about the Zoom call regarding a planning commission referendum as well as require the continuance of Mr. Thelen's deposition to address questions he failed to answer due to his and WNJ's allegations that his answers would purportedly contain proprietary or confidential information.

### III. The Court should compel Gotion to make Chen Li available for a deposition.

Finally, the Township has exhausted its efforts to depose Chen Li who signed the Development Agreement for Gotion. It requests this Court make Chen Li available for a deposition. Gotion's refusal to make Chen Li available for a deposition is unwarranted due to the Township's prudence in issuing a subpoena on August 9, 2024, its repeated attempts to facilitate a

deposition through communications with Gotion's counsel, and no entry of a protective order in this case related to the deposition.

Gotion may have two arguments why the Township should not be able to depose Mr. Li. First, the Township anticipates Gotion may assert the "apex doctrine" that sometimes bars the deposition of high-level executives absent a showing of their unique personal knowledge of relevant facts. *Serrano*, 699 F.3d 884 at 900. This doctrine should initially not apply because no protective order even exists in this case. In addition, discovery has shown that Mr. Li will have unique personal knowledge of relevant facts as to the alleged execution of the Development Agreement as well as to Gotion's proposed project.

Notably, the Development Agreement attached to Gotion's Complaint indicates an effective date of August 22, 2023. (ECF No. 1-1, PageID.22.) Despite that effective date, deposition testimony of Mr. Chapman and texts produced by former Township Supervisor James Chapman with Gotion's Chuck Thelen revealed that: (1) the Development Agreement was not actually allegedly signed by Mr. Li until October 2023; and (2) there were significant disputes between Gotion's Chuck Thelen with respect to obtaining Chen Li's signature in October. (See **Exhibit I - Selected Deposition Transcripts of James Chapman and Produced Texts.**).[5] Further, during Mr. Thelen's deposition, Mr. Thelen stated there was some information that he did not know related to the proposed project that Chen Li would know and that Chen Li possessed some degree of supervisory authority related to the Gotion project.[6]

---

[5] The Township understands that Mr. Thelen's texts are on the left side, which was confirmed in the depositions of Mr. Chapman and Mr. Thelen.

[6] There also appears to be supporting testimony for this based on Gotion's 30(b)(6) deposition occurring on September 9, 2024 and the Township reserves the right to also produce support from that deposition.

Gotion may also argue that Federal Rule of Civil Procedure 37(a)(3)(B)(i) does not provide authorize compelling depositions and that the proper mechanism to compel a deposition is a subpoena under Rule 45. If so, the Township requests leave to hold the deposition under Rule 6(b)(1) and 16(b)(4) to extend discovery for Mr. Li's deposition due to the good cause of the Township attempting to coordinate with Gotion's counsel for holding the deposition including by issuing a subpoena. Failure to find good cause would reward evasion of discovery.

## CONCLUSION/REQUESTED RELIEF

The Township respectfully requests this Court to enter an order providing the requested relief specified in the Township's motion.

Respectfully submitted,

Dated: September 9, 2024

Kyle A. O'Meara (P83075)
*Fahey Schultz Burzych Rhodes PLC*
Attorneys for Defendant
4151 Okemos Road
Okemos, Michigan 48864
(517) 381-0100
komeara@fsbrlaw.com

13

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Local Rule 7.3 because it contains 4,212 words, excluding the parts exempted by Local Rule 7.3(b)(i). This brief was prepared using Microsoft Word 365.

Respectfully submitted,

Kyle A. O'Meara (P83075)
*Fahey Schultz Burzych Rhodes PLC*
Attorneys for Defendant
4151 Okemos Road
Okemos, Michigan 48864
(517) 381-0100
komeara@fsbrlaw.com

**CERTIFICATE OF SERVICE**

I, Kaylin J. Montague, hereby certify that on the 9th day of September 2024, I electronically filed the foregoing document and any attachments with the ECF system which will send notification of such to all parties of record.

*/s/ Kaylin J. Montague*
Kaylin J. Montague

14