UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

GOTION, INC.,

        Plaintiff,

v.

GREEN CHARTER TOWNSHIP, a Michigan charter township,

        Defendant.

_____/

No. 1:24-cv-00275

Hon. Jane M. Beckering

## STIPULATED PROTECTIVE ORDER

Plaintiff Gotion, Inc. ("**Plaintiff**") and Green Charter Township ("**Defendant**")[1] acknowledge that the information, testimony, and documents exchanged (whether heretofore or hereafter) in this lawsuit (the "**Litigation**") may contain sensitive information such as financial documents, trade secrets, or other confidential information of the Parties or non-parties. The Parties wish to implement effective measures to protect the confidential nature of such information from disclosure and therefore, as evidenced by the signatures of their attorneys below, stipulate and agree that the terms and conditions of this Stipulated Protective Order ("**Order**") shall govern the handling of certain documents and information disclosed in connection with the Litigation whether by the Parties in discovery or non-parties through subpoenas or other means.

Accordingly, it is hereby ORDERED that:

    1.    "Confidential Information" is information of a type which a Party or non-party, in good faith, regards as confidential or other sensitive business or personal information

---

[1] Each is hereinafter referred to severally as a "Party" and collectively as "Parties".

including, but not limited to, financial and accounting records, appraisals, business and strategic plans, business and strategic relationships, or communications of similar sensitive nature. Information designated as "Attorney Eyes Only" pursuant to paragraph 2 is information of a type which a Party or non-party in good faith regards as proprietary, commercially valuable, competitively sensitive, and not readily obtainable or known by someone other than the disclosing party or the disclosing party's agent.

2. A Party producing documents or other information in the Litigation may designate such documents or other information as Confidential Information and restricted from disclosure under this Order by placing or affixing the word "Confidential" or "Attorneys' Eyes Only" as applicable on the document in a manner that will not interfere with the legibility of the document, or if information is produced in a manner where the documents or information cannot be so marked, by designating the produced documents or information as such in the cover e-mail or correspondence producing such documents or information. All discovery material designated as "Confidential" or "Attorneys' Eyes Only" including, but not limited to, any copies, abstracts, digests, notes, and summaries thereof, shall be treated as such under the provisions of this Order:

   a. Materials designated as "Confidential" may only be disclosed to: (a) the Parties, and their officers or employees who have a need to know; (b) counsel of record for the Parties, and employees and agents of counsel of record who have responsibility for the preparation and trial of the Litigation; (c) technical consultants, appraisers, or experts retained or consulted by the Parties or counsel of record for the Parties to assist preparing for or conducting the Litigation and who have agreed to be bound by this Order; (d) witnesses at, or in preparation for, their deposition or trial, in which event

such witnesses shall only be shown the Confidential Information and shall not be allowed to retain copies; (e) stenographic reporters retained by the parties to transcribe depositions or other proceedings in the Litigation, and (f) the Court and employees of the Court.

b. Materials designated as "Attorneys' Eyes Only" may only be disclosed to counsel of record in the Litigation and in-house counsel for each Party and the secretarial, clerical, and paralegal staff of each.

3. Confidential Information produced in the Litigation will be used solely in connection with the Litigation, and shall not be used for any other purpose, including, but not limited to, the preparation or trial of any other action involving these or any other parties.

4. Persons to whom Confidential Information is shown or disclosed pursuant to paragraphs 2(a) and 2(b) above shall be advised that the Confidential Information is subject to this Order and may only be disclosed and used under the terms of this Order.

5. Any person or entity that has received Confidential Information, and that is thereafter compelled by any law or court order to disclose such Confidential Information in a manner contrary to the terms of this Order, will use all reasonable efforts to immediately notify the producing Party of the obligation to disclose. Any such person or entity shall also disclose only the particular Confidential Information required to be disclosed and shall make all reasonable efforts to protect any remaining Confidential Information from disclosure in accordance with the terms of this Order. Once notice of a request or order to produce has been given to the producing Party, it shall solely be the obligations of the producing Party to challenge any such disclosure.

6. Any Party that wishes to challenge the designation of any document, thing, or testimony as "Confidential" or "Attorney's Eyes Only" may do so at any time by way of motion to the Court. The designating Party shall have the burden of justifying its designation. Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention. A Party is not required to challenge the designation at the time it is made, but may issue a challenge at any time during the course of the Litigation.

7. Confidential Information designated as "Confidential" may be used during testimony in discovery depositions and at any hearing(s) conducted in the Litigation, subject to applicable rulings of the Court, and may be used by the persons designated in Paragraph 2(a) to prepare for any hearings or depositions held in the Litigation, under the terms of this Order and the local rules for the Western District of Michigan. Any Party who has received Confidential Information designated as "Confidential" shall, before including such documents in any publicly filed pleading, motion, or exhibit, first notify and confer in good faith with opposing counsel at least fourteen days before the Party intends to use the documents in any publicly filed pleading, motion, or exhibit. If, following such meet-and-confer, the producing Party does not agree to remove the designation of the material as "Confidential," the receiving Party may file the material under seal, consistent with the local rules for the Western District of Michigan, and, if it desires, seek relief consistent with Section 6 of this Order.

8. For the purpose of protecting, to the extent possible, the proprietary nature of Confidential Information designated as "Attorneys' Eyes Only," a Party that intends to use Confidential Information designated as "Attorneys' Eyes Only" during testimony in discovery depositions or at any hearing(s) conducted in the Litigation or intends to include such documents in any publicly filed pleading, motion, or exhibit, shall notify and confer in good

4

faith with opposing counsel at least fourteen days before the Party intends to use the documents in any publicly filed pleading, motion, or exhibit. If, following such meet-and-confer, the producing Party does not agree to remove the designation of the material as "Attorneys' Eyes Only," the receiving Party may file the material under seal, consistent with the local rules for the Western District of Michigan, and, if it desires, seek relief consistent with Section 6 of this Order.

9. A producing Party may designate documents, information, or things disclosed at a deposition as "Confidential" or "Attorneys' Eyes Only" on the record during the deposition or, within 30 days of receiving the deposition transcript, by notifying the Parties in writing of the specific item so designated or the lines and pages of the transcript that are "Confidential" or "Attorneys' Eyes Only." The transcript shall be considered "Confidential" until the 30-day period passes or a designation is made. If a document previously designated as "Confidential" or "Attorneys' Eyes Only" is read from or discussed at a deposition, that portion of the deposition transcript in which the document is read from or discussed will automatically be deemed to be designated as "Confidential" or "Attorneys' Eyes Only."

10. If a Producing Party designates such materials as "Confidential" or "Attorneys' Eyes Only" on the record, the court reporter shall indicate on the cover page of the transcript that the transcript includes "Confidential" or "Attorneys' Eyes Only" information, and shall list the pages and line numbers and/or exhibits of the transcript in which such information is contained, and, to the extent the court reporter produces physical copies of any such transcript, shall bind the transcript in separate portions containing "Confidential,"  or "Attorneys' Eyes Only" and non-Confidential material.

11. During the period in which "Confidential" or "Attorneys' Eyes Only" information is discussed during a deposition, any person present during the deposition who is not authorized to receive such information under this Order may be excluded from that portion of the deposition upon request of any Party.

12. The inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of the confidential nature of the material disclosed.  If a producing Party inadvertently or unintentionally fails to mark a document as "Confidential" or "Attorneys Eyes Only" for which it desires such treatment, it shall so inform the Party receiving the documents forthwith, but in no event later than thirty (30) days following discovery of the inadvertent or unintentional disclosure.  The receiving Party thereupon shall return the unmarked documents to the producing Party, and the producing Party shall substitute properly marked documents. If Confidential Information that was inadvertently or unintentionally disclosed was used in a discovery deposition, then the Parties agree to treat the transcript from that deposition in the same manner that they are obligated under this Order to treat the transcript of a deposition in which material marked "Confidential" or "Attorneys' Eyes Only" was used.

13. In the event that one Party or its counsel makes an inadvertent or unintentional disclosure of Confidential Information that has been produced by the other Party, such individual shall immediately notify the producing Party of the disclosure and make every effort to retrieve and retain control of the Confidential Information so disclosed.

14. Nothing in this Order shall limit or enlarge any legal or contractual obligations the Parties may have undertaken concerning the treatment of a non-party's Confidential

Information in the possession of a Party nor restrict a Party's or non-party's use of its own Confidential Information.

15. Within 30 days after entry of a final, non-appealable judgment in the Litigation, counsel shall collect all Confidential Information or copies of Confidential Information and return them to the producing Party. Alternatively, if the receiving Party receives written consent from the producing Party to shred all Confidential Information and copies of Confidential Information instead of returning the same, then counsel may shred all Confidential Information and copies of Confidential Information and provide a certificate of such shredding to opposing counsel. Counsel shall also collect any documents or materials that reference, summarize, or otherwise refer to Confidential Information ("Work Product"). Work Product may be retained by counsel only, and it shall remain subject to the provisions of this Order except upon agreement of opposing counsel. In addition, counsel may retain a set of any pleadings and correspondence prepared in the Litigation as part of their files, even if such materials contain Confidential Information, so long as the pleadings and correspondence remain protected in the manner set forth in this Order.

16. Any inadvertent production of privileged or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.). However, the disclosure of any particular privileged or work product protected material shall cease to be "inadvertent" if the receiving Party notifies the producing Party of the disclosure, and the producing Party does not request the return and/or destruction of the privileged or work product protected matter within 10 days.

17. The Parties may modify or amend this Order by written agreement of Counsel for the Parties, or this Order may be modified by further order of the Court. Nothing herein shall bar any party from seeking any such modification.

Date: September ____, 2024

_____
Hon. Jane M. Beckering
United States District Court Judge

APPROVED AS TO FORM AND CONTENT,
NOTICE OF ENTRY WAIVED BY:

| | |
|---|---|
| */s/ Joshua J. Reuter* | */s/ Eric P. Conn (with permission)* |
| Daniel P. Ettinger (P53895) | Christopher S. Patterson (P74350) |
| Ashley G. Chrysler (P80263) | Eric P. Conn (P64500) |
| Joshua J. Reuter (P85626) | Kyle A. O'Meara (P83075) |
| Michael T. Woo (P87316) | Fahey Schultz Burzych Rhodes PLC |
| WARNER NORCROSS + JUDD LLP | 4151 Okemos Road |
| 1500 Warner Building | Okemos, Michigan 48864 |
| 150 Ottawa Avenue NW | (517) 381-0100 |
| Grand Rapids, MI 49503 | cpatterson@fsbrlaw.com |
| 616.752.2000 | econn@fsbrlaw.com |
| achrysler@wnj.com | komeara@fsbrlaw.com |
| dettinger@wnj.com | *Attorneys for Defendant* |
| *Attorneys for Gotion, Inc.* | |
| Dated: September 23, 2024 | Dated: September 23, 2024 |