**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

GOTION, INC.,

        Plaintiff,

v.

GREEN CHARTER TOWNSHIP,
a Michigan general law township,

        Defendant.

No.    1:24-cv-00275

Hon.  Jane M. Beckering

---

### PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, Gotion, Inc. ("**Gotion**"), and moves this Court for leave to file a First Amended Complaint in the above captioned matter and avers as follows:

1. On March 15, 2024, Gotion filed its Complaint with this Court (ECF No. 1) and Motion and Brief in support of Motion for Preliminary Injunction (ECF Nos. 2 and 3).

2. Gotion's Complaint alleged that Defendant Green Charter Township (the "**Township**") breached the Development Agreement entered into by Gotion and the Township in August 2023 (the "**Development Agreement**") and sought injunctive relief *only*.

3. At the time, Gotion still maintained hope that Defendant would honor its obligations under the Development Agreement, which is why its initial March 15, 2024 Complaint only sought injunctive relief.

4. On May 17, 2024, the Court granted Gotion's Motion for Preliminary Injunction and ordered the parties to perform the Development Agreement (ECF No. 23).

5. Defendant appealed the Court's order on September 6, 2024.

6. On February 25, 2026, the U.S. Sixth Circuit Court of Appeals ("6th Circuit") issued its Opinion and Judgment finding that Gotion's claims *as to injunctive relief only* are moot due to the state of Michigan's withdrawal of support for Gotion's project, and remanded the case back for further proceedings. ECF No. 105 (emphasis added); *Gotion, Inc. v. Green Charter Township*, Case No. 24-1783 (6th Cir.), ECF No. 38 (emphasis added).

7. On April 27, 2026, Gotion and the Township filed a joint status report indicating, in pertinent part, that Gotion intends to seek leave to amend its complaint following the 6th Circuit's Opinion and Judgment. ECF No. 108.

8. On April 28, 2026, this Court ordered that Gotion shall file its Motion for Leave to File First Amended Complaint and proposed first amended complaint by May 29, 2026. ECF No. 109.

9. Now, given the developments outside of this litigation and the 6th Circuit's decision implying that Gotion's only available form of remedy for its claims are monetary damages, and pursuant to this Court's April 28th Order (ECF No. 109), Gotion seeks to amend its Complaint to seek monetary damages from Defendant suffered as a result of the Township's breach of the Development Agreement.

10. Additionally, Gotion seeks to amend the Complaint to allege additional claims that permit monetary damages as a result of these new developments. The first two new claims allege that the Township's actions in breaching the Development Agreement violated Gotion's rights to the equal protection of the law and substantive due process under the Michigan and United States Constitutions. The third new claim alleges that the Township's actions violated the Contracts Clauses of the Michigan and United States Constitutions. The fourth

new claim alleges that the Township's breach constituted a taking without just compensation under the Michigan and United States Constitutions.

11. A brief in support of Plaintiff's Motion for Leave to File First Amended Complaint is included below.

12. A copy of the First Amended Complaint and its exhibits are attached as a single document hereto as **Exhibit A** pursuant to W.D. Mich. LCivR 5.7(f).

13. Pursuant to W.D. Mich. LCivR 7.1(d)(ii)(B), Gotion will separately file a certificate specifying the date, time, and duration of the conference; the participants in the conference; and a description of the issues addressed during the conference.

WHEREFORE Plaintiff prays that the Court grants Plaintiff's Motion for Leave to File First Amended Complaint pursuant to FED R. CIV. P. 15(a)(2).

Dated:  May 29, 2026

Respectfully submitted,

*/s/ Mark V. Heusel*
Mark V. Heusel (P47528)
Jacob L. Clark (P81379)
DICKINSON WRIGHT PLLC
350 S. Main St., Ste. 300
Ann Arbor, MI  48104
Tel: (734) 623-7075
MHeusel@dickinsonwright.com
JLclark@dickinsonwright.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GOTION, INC.,

       Plaintiff,

v.

GREEN CHARTER TOWNSHIP,
a Michigan general law township,

       Defendant.

No.     1:24-cv-00275

Hon.  Jane M. Beckering

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST
AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................... i

TABLE OF AUTHORITIES ........................................................................................... ii

I.  INTRODUCTION ......................................................................................................1

II.  STANDARD OF REVIEW ........................................................................................4

III.  ARGUMENT .............................................................................................................4

    a. *There has been no undue delay in filing the amendment and notice has been provided to the other party*....................................................................................5

    b. *This Motion is made is good faith*........................................................................6

    c. *There has been no repeated failure to cure deficiencies by previous amendments*...............7

    d. *The Township will not be prejudiced by the First Amended Complaint* ...............................7

    e. *Gotion's claims in the First Amended Complaint are not futile and would easily survive a Rule 12(b)(6) motion*....................................................................................9

IV.  CONCLUSION..........................................................................................................10

## TABLE OF AUTHORITIES

**CASES**

*Foman v. Davis,* 371 U.S. 178 (1962) ...................................................................................4, 10

*Gotion, Inc. v. Green Charter Township*, Case No. 24-1783 (6th Cir. 2026) ...................................1

*Greer v. Strange Honey Farm*, LLC, 114 F.4th 605 (6th Cir. 2024).................................................4

*Moore v. City of Paducah*, 790 F.2d 557 (6th Cir. 1986) ...................................................................4

*Parchman v. SLM Corp.*, 896 F.3d 728 (6th Cir. 2018)......................................................................4

*Priv. Fin. Alternatives, LLC v. Walloon Lake Holdings, LLC*, No. 1:25-CV-165, 2025 WL 3290636 (W.D. Mich. Nov. 26, 2025) ...........................................................................................................4

*Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 (6th Cir. 2000) ...........................................9

*Weiner v. Weiner*, No. 1:06-CV-642 (W.D. Mich. March 18, 2008) .................................................9

**RULES**

Fed. R. Civ. P. Rule 12(b)(6)......................................................................................................4, 9, 10

Fed. R. Civ. P. 15......................................................................................................................1, 4

W.D. Mich. LCivR 7.1(a) ...........................................................................................................1, 5

W.D. Mich. LCivR 7.1(d) ................................................................................................................5

**I.**        <u>**INTRODUCTION**</u>

Plaintiff, Gotion, Inc. ("**Gotion**"), pursuant to Fed. R. Civ. P. Rule 15(a)(2) and W.D. Mich. LCivR 7.1(a), files this Brief in Support of its Motion for Leave to File First Amended Complaint (the "**Motion**").  A copy of Gotion's First Amended Complaint is attached as **Exhibit A**.  Gotion initially filed this action based on Defendant Green Charter Township (the "**Township**")'s breach of the Development Agreement, which was entered into by Gotion and the Township in August 2023 (the "**Development Agreement**") and sought *only injunctive relief* (the "**Complaint**").  ECF No. 1 (emphasis added).  On May 17, 2024, this Court found that Gotion was likely to succeed on its breach of contract claim against the Township and granted a preliminary injunction to compel the Township to perform its contractual obligations under the Development Agreement.  ECF No. 22, at PageID.351 and ECF No. 23.  The Township filed an appeal of that decision in the United States Court of Appeals for the Sixth Circuit (the "**Sixth Circuit**") on September 16, 2024 (*Gotion, Inc. v. Green Charter Township*, Case No. 24-1783 (6th Cir. 2026); the "**Appeal**").

On February 25, 2026, the U.S. Sixth Circuit Court of Appeals ("Sixth Circuit") issued its Opinion and Judgment finding that Gotion's claims *as to injunctive relief only* are now moot (in light of the state of Michigan's actions to withdraw support for Gotion's project) and remanded the case back for further proceedings ("Appeals Decision").  *See generally*, ECF No. 105 (emphasis added).  On April 27, 2026, Gotion and the Township filed a joint status report indicating, in pertinent part, that Gotion intends to seek leave to amend its complaint following the Sixth Circuit's Appeals Decision.  ECF No. 108.  On April 28, 2026, this Court ordered that Gotion shall file its Motion for Leave to File First Amended Complaint and proposed first amended complaint by May 29, 2026.  ECF No. 109.  Now, given the current situation, the Appeals Decision, and multiple new facts since the Appeal was initiated, the reasons for granting Gotion's Motion are straightforward.

1

*First*, the Township's ongoing breach since the filing of the original Complaint has caused Gotion extensive new damages.  For instance, on September 17, 2025—nearly two years after filing of the original Complaint—Gotion received a letter from the Michigan Strategic Fund (the "**MSF**") notifying Gotion that the MSF considered Gotion to be in default of the Critical Industry Program Grant Agreement (the "**CIP Agreement**") between Gotion and the MSF, and sought reimbursement of $23,670,873.56 in Strategic Site Readiness Program ("**SSRP**") funds.  Gotion responded to this letter vehemently denying the MSF's allegations of default and asserted that the Township's continued breach of the Development Agreement has prevented Gotion from moving forward with its electric vehicle battery component manufacturing project (the "**Project**").  Additionally, on April 29, 2024, the Township ripped zoning approval away from Mecosta County, even going so far as to threaten litigation against Mecosta County, and passed an onerous Interim Zoning Ordinance that includes provisions that further impede Gotion's ability to move forward with its Project.  The Township then renewed the Interim Zoning Ordinance on April 8, 2025 while this case was stayed pending appeal.  These actions continue to thwart Gotion's Project, demonstrate the Township's continuing breach of the Development Agreement, and cause further damage to Gotion.

*Second*, in its Appeals Decision, the Sixth Circuit found that as a result of the MSF's decision to withdraw needed funding for the project and based on supplemental briefing by Gotion and the Township, Gotion's claim as to *injunctive relief only* was moot.  *See* ECF No. 105, at PageID.1431, 1438-39 (emphasis added).  The Sixth Circuit did not opine whether Gotion could amend its Complaint to seek monetary damages and restated this Court's finding that Gotion was likely to succeed on its breach of contract claim.  *See* Id., at PageID.1434.  Put another way, the Sixth Circuit implied that given the facts of the dispute at this point, the correct form of damages

2

for Gotion's breach of contract claim against the Township is likely monetary damages and no longer injunctive relief.  As such, Gotion now intends to amend its Complaint to seek monetary damages for its breach of contract claim and additional claims.

_Third_, because Gotion can now only be made whole by seeking monetary damages, the new claims add only a legal basis for such relief and they do not unfairly prejudice the Township because they arise out of the same conduct and set of facts that relates to Gotion's breach of contract claim.  While this Court has found that Gotion is likely to succeed on its breach of the Development Agreement claim against the Township (ECF No. 22, at PageID.351), which was pleaded in the original Complaint, the Township also violated Gotion's rights to the equal protection of the law and substantive due process under the Michigan and United States Constitutions.  Furthermore, the Township's actions violated the Contracts Clauses of the Michigan and United States Constitutions. The Township's breach also constituted a taking without just compensation under the Michigan and United States Constitutions.  These claims were not included in the original Complaint because Gotion sought an injunction for specific performance of the Development Agreement.  Gotion did not add these claims that also include significant claims for monetary damages at that time because Gotion genuinely believed the project would be able to move forward despite the litigation.  However, the Township's opposition simply made that impossible.  Now that it is clear the project cannot move forward in the face of this continued opposition and the state of Michigan's withdrawal of support, Gotion seeks to add these constitutional claims and request damages as a result of the Township's breach of the Development Agreement and violation of Gotion's constitutional rights.  Consequently, Gotion seeks to amend its Complaint for the reasons described below.

## II.    STANDARD OF REVIEW

"A party may amend its pleading with "opposing party's written consent or the court's leave." Fed. R. Civ. P. Rule 15(a)(2). The rule provides for the court to "*freely give leave* when justice so requires." Id. (emphasis added). "'The decision as to whether justice requires the amendment is committed to the district court's sound discretion.' *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)." *Priv. Fin. Alternatives, LLC v. Walloon Lake Holdings, LLC*, No. 1:25-CV-165, 2025 WL 3290636, at *4 (W.D. Mich. Nov. 26, 2025). "'In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue or allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"" Id. *citing Foman v. Davis*, 371 U.S. 178, 182-83 (1962). Indeed, the Sixth Circuit has characterized Fed. R. Civ. P. Rule 15 and case law in this Circuit as to **liberally allow** for amendment to a complaint. *See Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (emphasis added). Further, a suit should not be dismissed and amended complaint should be permitted "unless it is a clear that the amended complaint would not survive" a Fed. R. Civ. P. Rule 12(b)(6) motion. *See Greer v. Strange Honey Farm*, LLC, 114 F.4th 605, 617 (6th Cir. 2024).

## III.    ARGUMENT

This Court should grant Gotion's Motion and permit its amended Complaint as attached in Exhibit A because there is a complete absence of any reason that would militate against allowing Gotion's amended Complaint.

4

      **a.**      **There has been no undue delay in filing the amendment and notice has been provided to the other party**

There has been no undue delay in Gotion's filing of the Motion and the Motion is necessitated due to the Township's unwillingness to stipulate to the requested relief.  The new damages and claims identified above have accrued since the original Complaint was filed.  The original Complaint already provided the underlying basis for this action by demonstrating the Township's breach of the Development Agreement.  And, the parties have already engaged in discovery aimed at the merits of the claims.  However, since the filing of the original Complaint, the State of Michigan took actions and made comments seeking recoupment of the CIP grant funds and stating that Gotion's Project was "dead."  And, importantly, the Sixth Circuit issued its opinion finding that injunctive relief is no longer available as a remedy, thus implying that the correct remedy for Gotion's claims is now monetary damages.

Quickly after the Sixth Circuit issued its opinion, counsel for Gotion and the Township held a call where counsel for Gotion notified the Township's counsel that it intended to amend its Complaint to seek monetary damages.  As soon as the mandate issued from the Sixth Circuit, pursuant to this Court's order (ECF No. 99, at PageID.1420, ¶6), the parties agreed to an amended schedule that contemplated this exact Motion and filed a joint status conference with this Court that also raised notice that Gotion intended to file the present Motion.  ECF No. 108.  Further, this Court ordered Gotion to file the present Motion by May 29, 2026, providing even further advanced notice of this Motion.  Lastly, pursuant to W.D. Mich. LCivR 7.1(d), counsel for Gotion has notified counsel for the Township of Gotion's intent to file the instant Motion.  Gotion has separately filed a certificate in compliance with W.D. Mich. LCivR 7.1(d)(ii)(B).  These facts demonstrate that Gotion provided sufficient notice to the Township of its intent to amend its claims,

and wasted no time and did not delay by filing immediately by the timeframes set out and agreed to by the parties in its amended schedule.

Based on these facts above, there was no undue delay or lack of notice of Gotion's intent to file an amended complaint, favoring this Court granting Gotion's Motion.

**b.      This Motion is made is good faith**

Gotion's Motion is made in good-faith following the ruling of the Sixth Circuit. Specifically, Gotion seeks to amend its Complaint to seek monetary damages after the Sixth Circuit found that injunctive relief is moot given the current circumstances surrounding Gotion's project. The heart of Gotion's claims, breach of contract, which was made in good faith and which this Court has found that Gotion is likely to succeed on, are still very much alive but simply require a new remedy to properly address the harm caused by the Township's breach.    These new claims were not hidden from the Township or made to surprise or otherwise disadvantage the Township. They were made in good-faith with proper notice to allow the Township adequate time to prepare. Moreover, Gotion's amended Complaint is made to add claims which have arisen since filing of the original Complaint and which Gotion  believes are meritorious.  Further, at the time of filing the original Complaint, Gotion genuinely believed that the Project was still possible which is why it sought injunctive relief only.  Now that the new facts since filing the original Complaint, the Township's continued breach and statements, the state of Michigan's statements and actions, and the Sixth Circuit's decision have made clear that the Project is no longer viable, Gotion immediately and in good-faith pivoted to its only available remedy:  Monetary damages.  As such, Gotion has made these new claims  in good faith and based on the facts of the present situation between Gotion and the Township.

**c.** **There has been no repeated failure to cure deficiencies by previous amendments**

There has been no repeated failure by Gotion to cure deficiencies by previous amendments because *this is the first time* Gotion sought to amend its Complaint. Gotion had always believed that it would be able to work with the Township to bring its Project to life, which is why it sought injunctive relief in its original Complaint. However, a change in circumstances and the Sixth Circuit's ruling, which resulted from the state of Michigan's decision to withdraw support for the Project due to ongoing litigation, has brought about a need for an amended Complaint and a claim for monetary damages. When this reality was placed on Gotion, Gotion wasted no time to amend its Complaint and cure any deficiency as soon as possible within the framework of the Order of this Court. *See* ECF No. 99, PageID.1420, ¶6; *see also* ECF No. 108.

**d.** **The Township will not be prejudiced by the First Amended Complaint**

As noted above, the Township's breach of the Development Agreement has already been established in the original Complaint and this Court has found that Gotion is likely to succeed on the merits of its breach of contract claim. *See* ECF No. 22, at PageID.351. Further, as a direct result of the Township's ongoing breach, the substantial factual developments adverse to Gotion have caused Gotion hundreds of millions of dollars in damages. The Township certainly knew that its breach provided Gotion the right to seek monetary damages under the Development Agreement, and simply because Gotion asserts that right now does not prejudice the Township. The First Amended Complaint is necessary now to this action because the original Complaint was filed before the factual developments referenced above that now necessitate the additional claims and claims for monetary damages. Further, these new claims emanate from the same set of facts that make up Gotion's original claim for breach of contract that this Court has already determined that Gotion is likely to succeed on. *See* ECF No. 22, at PageID.351. As such, there would be no need

for significant new discovery.  Therefore, Adding the proposed claims now would not result in any undue prejudice to the Township.

Additionally, the decision of the Sixth Circuit follows an appeal made by the Township itself and additional briefing requested by the Sixth Circuit.  The Township was well aware of the possibility that the Sixth Circuit's decision may prompt Gotion to amend its Complaint, and, if not then, certainly knew through Gotion's supplemental filing as early as January 2026 that it intended to amend its Complaint to at least seek monetary damages given the fundamental change in circumstances. The factual circumstances underlying Gotion's Motion were accelerated when the state of Michigan withdrew its support of the project, depriving Gotion of hundreds of millions of dollars in incentives that made this project feasible, and demanding that Gotion repay funds already advanced.  The State's actions were allegedly prompted by the delay in any resolution between Gotion and the Township, and Gotion's inability to advance the Project due to the Township's refusal to honor its commitments and contractual obligations under the Development Agreement. Consequently, once it was clear that the project could not advance without this necessary support, and in light of the Township's insistence on pushing through its appeal, Gotion had no choice but to pivot from a case that sought injunctive relief to one that sought damages.

Following the Sixth Circuit's decision, the parties met and conferred in March 2026 and filed a joint report in April 2026 that contemplated this Motion.  *See* ECF Nos. 108 and 109.  And, this Court even issued an order setting a deadline to file the present Motion and adjourning its original deadline for dispositive motions.  ECF No. 109.  The Township has been on notice of these potential claims, and Gotion's request for damages and new claims, which stem directly from the original breach and supported with these additional factual developments, would cause no prejudice to the Township.

Lastly, now that Gotion's original prayer for relief as to injunctive relief only is moot, the time is ripe for Gotion to seek monetary damages.  At the time of the original Complaint, Gotion sought injunctive relief based on its belief that if it could obtain a judgment to enforce the Development Agreement, the Township would forego any attempt to frustrate the project.  Gotion did not seek monetary damages because it genuinely believed that, despite its litigation, there would be an opportunity to move forward with the project.  Unfortunately, the Township's actions not only demonstrated a continued breach of its obligations, but also that any attempt to move forward would be futile.  This was shown by their actions in multiple ways: The Township's threatening and ripping away zoning authority from Mecosta County despite Gotion having already submitted site plans, as well as the Township's actions in appealing the injunctive relief and claiming, throughout the litigation and appeal, that the Development Agreement was not even a valid and binding contract.  How could Gotion proceed to enforce a contract if the other party to that contract believed  they were not bound by it?  With the development of these facts and the Sixth Circuit's decision, it became clear to Gotion that its only remedy is to seek monetary damages.  As such, now is the appropriate time to add claims for damages for breach of contract as well as for the new constitutional claims by Gotion.

Based on the facts above, no prejudice will come to the Township as a result of Gotion's amended Complaint.

### e. Gotion's claims in the First Amended Complaint are not futile and would easily survive a Rule 12(b)(6) motion

Gotion's claims in the First Amended Complaint are not futile.  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Weiner v. Weiner*, No. 1:06-CV-642, slip op. at 13 (W.D. Mich. March 18, 2008) (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).  Justice does not require amended

pleadings if the amendment would be futile. *Foman*, 371 U.S. 178 (1962).  The claims in the original Complaint are not futile; in fact, the opposite is true: this Court has already found that Gotion is likely to succeed on the merits of its breach of contract claim.   *See* ECF No. 22, at PageID.351.  The only change made to this litigation as a result of the Appeal Decision and recent factual developments is with respect to the appropriate remedy for Gotion's breach of contract claims.  As such, amending the Complaint to add new claims and seek monetary damages for a breach of contract claim that this very Court has already said is likely to succeed as well as for violations of Gotion's constitutional rights would certainly not be futile.  Moreover, the new facts to date demonstrate that Gotion's additional claims would equally survive a Rule 12(b)(6) motion.  There are no facts in dispute that would militate dismissal.  In fact, the opposite is true in that the facts support Gotion's position that its constitutional rights were violated by the Township's breach and that monetary damages is the correct remedy.  As such, Gotion's amended claims are not futile and are likely to survive a Rule 12(b)(6) motion.

IV.     **CONCLUSION**

For the foregoing reasons, Gotion respectfully requests that the Court grant its Motion for Leave to File First Amended Complaint and permit Gotion to file the First Amended Complaint attached hereto as Exhibit A.

Dated:  May 29, 2026                          Respectfully submitted,

                                        */s/ Mark V. Heusel*
                                        Mark V. Heusel (P47528)
                                        Jacob L. Clark (P81379)
                                        DICKINSON WRIGHT PLLC
                                        350 S. Main St., Ste. 300
                                        Ann Arbor, MI  48104
                                        Tel: (734) 623-7075
                                        MHeusel@dickinsonwright.com
                                        JLclark@dickinsonwright.com

11

**CERTIFICATE OF SERVICE**

I, Jacob L. Clark, hereby certify that on the 29th day of May, 2026, I electronically filed the foregoing motion, documents and any attachments with the ECF system which will send notification of such to all parties of record.

                    */s/  Jacob L. Clark*
                    Jacob L. Clark