**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

GOTION, INC.,

               Plaintiff,

v.

GREEN CHARTER TOWNSHIP,
a Michigan charter township,

               Defendant.

Case No. 1:24-cv-00275

HON. JANE M. BECKERING

MAG. JUDGE PHILLIP J. GREEN

---

<u>**RESPONSE IN OPPOSITION TO GOTION'S MOTION FOR LEAVE TO AMEND**</u>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................................................. III

INTRODUCTION ........................................................................................................... 1

LEGAL STANDARD ...................................................................................................... 2

ARGUMENT................................................................................................................. 3

I. GOTION CANNOT SHOW GOOD CAUSE TO AMEND ITS COMPLAINT UNDER RULE 16(B)(4)........................................................................................................................ 3

    A.    Gotion failed to address the requirements of Rule 16(b)(4) altogether. ......................... 3

    B.    Gotion did not act diligently. ................................................................................ 3

    C.    The Township will be prejudiced if Gotion is permitted to amend its complaint........... 7

II. GOTION'S PROPOSED AMENDMENT DOES NOT SATISFY RULE 15 ......................... 10

    A.    Gotion has no excuse for its delay in seeking amendment. ....................................... 10

    B.    Gotion's new claims are futile. ...............................................................................11

CONCLUSION............................................................................................................... 14

CERTIFICATE OF SERVICE ......................................................................................... 16

## TABLE OF AUTHORITIES

**Cases**

*Amco Pipeline Co. v. Herman Drainage Sys.*, 212 F. Supp. 2d 710 (W.D. Mich. 2002)................ 4

*Anderson-Santos v. Cnty. of Kent*, 2022 WL 22856936 (W.D. Mich. Oct. 4, 2022)....................... 8

*C & L Ward Bros., Co. v. Outsource Sols., Inc.*, 547 F. App'x 741 (6th Cir. 2013)........................ 6

*Charles v. Baesler*, 910 F.2d 1349 (6th Cir. 1990)........................................................................ 13

*Duggins v. Steak'n Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999) ........................................................ 4

*Garza v. Lansing Sch. Dist.*, 972 F.3d 853 (6th Cir. 2020) .............................................................. 2

*Green Leaf Nursery, Inc. v. KMART Corp.*, 485 F. Supp. 2d 815 (E.D. Mich. 2007)....................11

*Jones v. Powell*, 462 Mich. 329; 612 N.W.2d 423 (2000) ............................................................. 12

*Kaminski v. Coulter*, 865 F.3d 339 (6th Cir. 2017) ....................................................................... 13

*Knick v. Twp. of Scott*, 588 U.S. 180; 139 S. Ct. 2162 (2019) ...................................................... 14

*Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003).................................................................. 2, 3, 4

*McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586 (6th Cir. 2002)........ 7

*New Hampshire v Maine,* 532 US 742; 121 S Ct 1808; 149 L Ed 2d 968 (2001) ......................... 7

*Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316 (3d Cir. 2020) ................................................ 3

*Sanford v. Russell*, No. 17-13062, 2021 U.S. Dist. LEXIS 60629 (E.D. Mich. Mar. 30, 2021)..... 7

*Satgunam v. Basson*, 2012 WL 12978441 (W.D. Mich. Oct. 26, 2012) ......................................... 3

*Shane v Bunzl Distrib. USA, Inc.,* 275 F. App'x 535 (6th Cir. 2008)............................................. 2

*Wade v. Knoxville Util. Bd.*, 259 F.3d 452 (6th Cir. 2001)........................................................... 10

*Willowbrook v. Olech*, 528 U.S. 562; 120 S. Ct. 1073 (2000) ..................................................... 13

*Wineries of the Old Mission Peninsula Ass'n v. Peninsula Twp.*, 2022 WL 22235526 (W.D. Mich.
    Dec. 14, 2022).......................................................................................................................... 2

**Rules**

Fed R. Civ. P 15(a)............................................................................................................ 10

Fed. R. Civ. P. 16(b)....................................................................................................... 2, 3

Fed. R. Civ. P. 16(b)(4) .................................................................................................... 3

**INTRODUCTION**

Gotion initiated this suit in March of 2024 (ECF No. 1, PageID.1) alleging a breach of the purported Development Agreement between it and the Township. From the onset, Gotion alleged that the Township's supposed breaches of the Development Agreement would cause it monetary harm, alleging significant amounts invested in real property, management and marketing costs, employee and infrastructure costs, and architectural and engineering design contract commitments, among other things. (ECF No. 1, PageID.4-7). Yet, Gotion sought only specific performance in its Complaint, insisting that it had no adequate remedy at law. (ECF No. 1, PageID.19). Gotion prevailed on that legal theory, ultimately obtaining an injunction from this Court that was rendered moot—not because of the Township's legal victory in the Sixth Circuit—but solely because of Gotion's "default on obligations necessary to obtain funding central to the project's viability," despite having a preliminary injunction in hand. (ECF 105, PageID.1431).

Gotion's strategic decision to pursue a singular, equitable remedy has shaped the progression of this case over multiple years and throughout the course of discovery. Gotion opposed the Township's prior motion to extend this Court's Case Management Order by a mere 60 days (ECF No. 37, PageID.489), objected to discovery requests on the basis that the materials sought had "no bearing on Gotion's requested relief" (ECF No. 94, PageID.1386, 1387), and, most relevantly here, vehemently opposed the Township's own proposed amendment to its pleadings, asserting as its basis a lack of diligence and resulting prejudice, despite the fact that the Township's proposed amendment was filed a mere two weeks after the close of discovery, rather than two years later, like Gotion's present motion (ECF No. 95, PageID.1396-1399).

Nevertheless, Gotion asks this Court for permission to drastically reframe this case by asserting four new fact-intensive constitutional claims against the Township that were never

1

contemplated in Gotion's original complaint, despite Gotion having sufficient information to assert such claims from the onset.

There is no good cause for Gotion's delay in seeking new relief. There are no newly discovered facts that were not already known or anticipated by Gotion at the time it initiated this action. The only change in circumstance prompting this motion is the Sixth Circuit's ruling that Gotion's claim for injunctive relief is moot because it "admits that the battery plant is no longer viable," (ECF 105, PageID.1431). Gotion has not acted diligently in asserting these claims as it sat on its proverbial hands for years while possessing all the facts necessary to make these claims. Further, allowing this abrupt about-face at this late stage in the proceedings and long after the close of discovery would unquestionably prejudice the Township. This Court should not award Gotion's gamesmanship by allowing it to contort its case years after the deadline to amend pleadings purely because Gotion's original litigation strategy was unsuccessful. Gotion's Motion should be denied.

## LEGAL STANDARD

"[W]hen a party seeks to amend its pleadings…after the expiration of the scheduling order deadlines, it must show good cause under Rule 16(b)." *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020). The "good cause" standard under Rule 16(b) is a "higher threshold" then the liberal amendment policy in Rule 15. *Shane v Bunzl Distrib. USA, Inc.,* 275 F. App'x 535, 536 (6th Cir. 2008).

A court may permit an amendment under Rule 16(b)(4) "only if" the original deadline could not "reasonably be met despite the diligence of the [movant]. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). "[I]f the moving party [was] not diligent, the good-cause inquiry should end." *Wineries of the Old Mission Peninsula Ass'n v. Peninsula Twp.*, 2022 WL 22235526, at *3 (W.D. Mich. Dec. 14, 2022). If the diligence requirement is met, the court must "evaluate prejudice

2

to the opponent" and deny leave if the opponent would suffer undue prejudice. *Leary*, 349 F.3d at 909.

If the moving party satisfies Rule 16(b)'s "good cause" standard, the Court must consider whether the proposed amendment is permissible under Rule 15. *Id*. Under Rule 15, the court should "freely give leave to [amend] when justice so requires," unless the amendment would be futile. *Id*. at 905.

## ARGUMENT

**I.      GOTION CANNOT SHOW GOOD CAUSE TO AMEND ITS COMPLAINT UNDER RULE 16(B)(4)**

**A.      Gotion failed to address the requirements of Rule 16(b)(4) altogether.**

Gotion's present motion, made well after the expiration of the applicable deadline in the scheduling order, must satisfy the "good cause" standard of Rule 16(b)(4), yet Gotion does not even mention Rule 16. Gotion previously opposed the Township's motion to amend as follows: "Notwithstanding Rule 16's applicability, the Township has not addressed—let alone established—its requirements. The Court should deny the motion on that basis alone." (See ECF 95, PageID.1395-96) (citing, e.g, *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020); *Satgunam v. Basson*, 2012 WL 12978441, at *2 (W.D. Mich. Oct. 26, 2012)). The same holds true here. Gotion's failure to address Rule 16(b)(4), despite seeking amendment much later than the Township, warrants denial.

**B.      Gotion did not act diligently.**

The most important showing under Rule 16(b)(4) is diligence. Diligence is a required component of Rule 16(b)(4)'s good cause standard, and where there is no diligence, there is no good cause. Unsurprisingly, the word "diligent" does not even appear in Gotion's motion or brief,

3

and for good reason—there is no plausible way that Gotion can even attempt to argue that it acted with the requisite degree of diligence.

A party does not act diligently when, despite becoming aware of pertinent facts prior to the scheduling deadline, that party fails to amend its pleadings before the passing of this deadline. See *Amco Pipeline Co. v. Herman Drainage Sys.*, 212 F. Supp. 2d 710 (W.D. Mich. 2002). This Court's Case Management Order required motions to join parties or amend pleadings by May 15, 2024. (ECF 21, PageID.329). Gotion was aware of the pertinent facts that would have supported its new claims well in advance of this deadline, as Gotion admits its "new claims emanate from the same set of facts that make up Gotion's original claim for breach of contract." (ECF 110, PageID.1462). Where a plaintiff is aware of the basis for claims for many months, especially where the underlying facts were alleged in the original complaint, courts may properly deny leave to amend after the deadline in the scheduling order. *Duggins v. Steak'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) ("The plaintiff was obviously aware of the basis of the claim for many months, especially since some underlying facts were made a part of the complaint . . . . Allowing amendment at this late stage in the litigation would create significant prejudice to the defendants in having to reopen discovery").

Gotion argues that its proposed amendment is warranted by "the Township's ongoing breach since the filing of the original Complaint," but the proper inquiry under Rule 16(b)(4) is whether an amendment could have reasonably been made before the expiration of the applicable deadline in the scheduling order, not before the suit was initiated. See *Leary v. Daeschner*, 349 F3.d 888, 906 (6th Cir. 2003). The Township's "ongoing breaches" that Gotion argues justify its new claims are: 1) the Township's recission of the Water Resolution (which occurred on November 14, 2023); 2) the Township's recission of the Support Resolution (which occurred on December 3,

2023); and 3) the Township's enactment of zoning authority (which occurred on April 29, 2024).[1] (See ECF 110, PageID.1457). All of these events occurred prior to the May 15, 2024, deadline to amend pleadings, and as the Court observed in August of 2024: "neither the revocation of the [Water] Resolution nor the Township's adoption of an interim zoning ordinance are 'new' facts." (ECF 44, PageID.516).

Gotion asserts that the Michigan Strategic Fund's ("MSF") September 17, 2025, notification of default under the Critical Industries Program Grant Agreement ("CIP Agreement") is a new factual development justifying the assertion of new claims, but Gotion also claims the default was due to the Township's "continued breach of the Development Agreement," which, as explained above, involves actions that predated the deadline to amend pleadings. (ECF 110, PageID.1457). Moreover, Gotion has always alleged that the Township's actions risked a breakdown between Gotion and the state agencies upon whose funding the Project relies. In its March 15, 2024, request for a preliminary injunction, Gotion argued that the Township's alleged breaches would "have serious ramifications for Gotion's ability to meet its construction obligations and deadlines under the Development Agreement and [CIP] Agreement," in which event "the MSF may, among other remedies, suspend grant disbursements, terminate the [CIP] Agreement, or place a freeze on Project funds." (See ECF 3, PageID.174-75). Gotion did not argue that this injury was speculative or unripe, but insisted that this perceived harm was "imminent," and that the Township's actions "immediately endanger[ed] the Project's funding with state agencies." (*Id.*,

---

[1] Gotion suggests the Township's renewal of its Interim Zoning Ordinance on April 8, 2025, constitutes a new factual development, but this is factually indistinguishable from the Township's initial enactment of zoning authority, which was already identified as a breach in Gotion's original complaint and later characterized by Gotion as "an entirely accounted-for inevitability." (ECF 1, PageID.17-18; ECF 32. Page.ID 448).

PageID.179). Gotion has been in possession of all the pertinent facts needed to support these claims from the very beginning.

With even a modicum of diligence, Gotion could have included the four new claims it now seeks to assert in the alternative in its original complaint or in an amended complaint filed prior to the deadline in this Court's Case Management Order, but Gotion deliberately chose not to. District Courts "are more than capable of discerning between alternative theories of recovery," so there is no reason why Gotion could not have timely sought this relief, except a lack of diligence or gamesmanship. *C & L Ward Bros., Co. v. Outsource Sols., Inc.*, 547 F. App'x 741, 747 (6th Cir. 2013).

Gotion's present desire to amend its complaint is also thoroughly undercut by its previous opposition to the Township's own requested amendment, which was far timelier. On September 20, 2024, just days after the close of discovery, the Township moved for leave to file a First Amended Answer and to assert a Counterclaim against Gotion, on the basis that discovery revealed a new factual basis for a counterclaim and the assertion of additional affirmative defenses. (ECF No. 81, PageID.910).

Gotion strenuously objected to the Township's proposed amendment, arguing that the Township did not act diligently because it "easily could have discovered most of the information underpinning its counterclaim months ago," and that adding a counterclaim "almost two weeks" after the close of discovery would "cause significant prejudice" because Gotion "had no reason to conduct discovery on those issues […] which were not part of the case." (ECF No. 95, PageID.1396-1397). Notably, the Township's proposed amendment did not claim money damages, but only sought rescission or termination of the Development Agreement based on Gotion's breach

6

of the same. (ECF No. 81-1, PageID.980). Yet, Gotion still objected that the Township lacked good cause for the amendment.

Now, roughly *two years* after the close of discovery and the deadline to amend pleadings, Gotion seeks to amend its Complaint to add four new claims seeking money damages, relief it deliberately and strategically chose not to pursue despite being aware of the basis for such claims from the very beginning. The cause for this is not newly discovered evidence, but rather the Sixth Circuit's ruling that the relief sought by Gotion is moot. (See ECF 110, PageID.1457; ECF 105, PageID.1439). The Sixth Circuit's ruling is not a new factual development, but rather a legal development—one informing Gotion that its litigation strategy was unsuccessful.

A party's regret over an unfruitful litigation strategy does not supply good cause for relief from scheduling deadlines. *Sanford v. Russell*, No. 17-13062, 2021 U.S. Dist. LEXIS 60629, at *18 (E.D. Mich. Mar. 30, 2021) (citing *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002)). Likewise, it is black-letter law that parties are judicially estopped from asserting new positions in a legal proceeding (here claims for damages) after succeeding on inconsistent prior positions (the preliminary injunction; noting damages were unnecessary). *New Hampshire v Maine,* 532 US 742, 749-50; 121 S Ct 1808; 149 L Ed 2d 968, 977-78 (2001). Gotion, having deliberately selected its litigation strategy to the exclusion of all others, must now live with the consequences.

### C.    The Township will be prejudiced if Gotion is permitted to amend its complaint.

Notwithstanding Gotion's utter lack of diligence, the threatened prejudice to the Township also precludes a finding of good cause. This Court's Case Management Order (ECF No. 21, PageID.329) required discovery to be completed no later than September 9, 2024. Prior to that date, the parties engaged in extensive discovery, including no fewer than 16 depositions. Given

7

Gotion's deliberately limited focus on specific performance, discovery on the issue of damages was limited, which would require the re-opening of discovery for Gotion's new sweeping constitutional claims. "The Sixth Circuit has 'repeatedly held that allowing amendment after the close of discovery creates significant prejudice.'" *Anderson-Santos v. Cnty. of Kent*, 2022 WL 22856936, at *2 (W.D. Mich. Oct. 4, 2022) (Beckering, J.) (citations omitted).

Gotion did not disclose any expert witnesses relating to potential monetary harms, despite alleging "substantial harm—potentially in the tens of millions of dollars" upon initiating this suit. (ECF No. 3, PageID.176). Instead, Gotion only disclosed an unidentified expert in the area of water infrastructure and zoning to testify as to the development of water infrastructure in the Township and the feasibility of servicing Gotion's project form alternative sources. (Exhibit A, Gotion's Disclosure of Expert Witnesses).

The Township moved to amend the Case Management Order to extend deadlines for discovery, expert reports, and dispositive motions by 60 days, citing, *inter alia*, a need for expert witnesses and reports given the changing regulatory environment for the Project since the beginning of the case. (ECF No. 35, PageID.468). Gotion opposed the request, asserting that "[e]xpert reports are entirely unnecessary to resolve the legal issue in this matter—i.e. whether the Township breached its contractual obligations to Gotion," further claiming "expert witnesses … are not necessary to [resolve] this simple, undisputed breach of contract claim." (ECF No. 37, PageID.492). This Court, at Gotion's behest, denied the Township's Motion to Amend the Case Management Order. (ECF No. 39, PageID.502). Accordingly, neither party has provided any expert reports nor conducted any expert discovery.

Now, Gotion seeks to add four new constitutional claims to its "simple, undisputed breach of contract claim," which would necessarily require additional discovery to fairly adjudicate. By way of example:

- Proposed Count II (equal protection), alleges "the Township has never targeted any other developer, similarly situated or otherwise, in this manner and has never destroyed any other Project out of such blatant ill will and animus." (ECF 110-1, PageID.1497). The parties never conducted any discovery on the Township's treatment of any other developers or other projects (including during the depositions of the current and prior members of the Township Board), which is essential in evaluating whether unconstitutional unequal treatment occurred.

- Proposed Count III (substantive due process) claims: "The Township went so far as to replace its entire legislative body for the *express purpose* of breaching a valid, fair, and binding contract." (ECF 110-1, PageID.1498). Recall elections are determined by the will of the electorate, and the parties never conducted any discovery into the motivations of the Township's voters. Similarly, any discovery on motivations of an entire electorate years after an election would be unduly burdensome and expansive.

- Proposed Count IV (violation of contracts clause) alleges the Township interfered with Gotion's contractual obligations through "the public statements of the Township's board and political allies." (ECF 110-1, PageID.1500). These alleged "political allies" have not been identified nor deposed.

- Proposed Count V (taking without just compensation) alleges destruction of "Gotion's investment backed expectations to operate the Project" (ECF 110-1, PageID.1502), which

were never fully explored during the course of discovery given Gotion's insistence that it could not be made whole by money damages.

- Gotion's proposed amended complaint contains several allegations related to the MSF's notice of default. The parties conducted no discovery relative to the MSF, which is not a party to this case.

Allowing Gotion to amend its complaint to assert four new claims and seek money damages, which Gotion now claims are in the "***hundreds*** of millions," rather than the tens of millions (ECF 110, PageID.1462), would require additional discovery, including the identification of additional expert witnesses, the preparation of expert reports, and expert depositions, all of which Gotion previously deemed unnecessary, and all of which would unquestionably prejudice the Township.

## II.    GOTION'S PROPOSED AMENDMENT DOES NOT SATISFY RULE 15

Gotion's proposed amendment further fails to satisfy the requirements of Rule 15, which must be met in addition to the requirements of Rule 16(b) discussed above. Considerations for a motion to amend under Rule 15(a) include undue delay, bad faith by the moving party, prejudice to the opposing party, and futility of the amendment. *Wade v. Knoxville Util. Bd*., 259 F.3d 452 (6th Cir. 2001).

### A.    Gotion has no excuse for its delay in seeking amendment.

Gotion had longstanding knowledge of the grounds for a claim for money damages against the Township, which shows nothing but undue delay in its decision to seek that relief now. Where "amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade*, 259 F.3d at 459. Courts are especially inclined to deny a motion brought under Rule 15 "if the moving party knew the facts on which the claim or

10

defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them." 6 Charles Alan Wright *et al*., Federal Practice and Procedure § 1487 (2d ed. 1990); *see Wade*, 259 F.3d at 459 (finding undue delay where the plaintiff knew the facts forming the basis of the amended claims but failed to plead the claims in the original complaint). Gotion's only excuse for failing to plead these claims earlier is because "Gotion genuinely believed that the Project was still possible which is why it sought injunctive relief only." (ECF 10, PageID.1461). A party's mistaken belief that a litigation strategy would be successful is no excuse for failing to plead claims that were indisputably available from the outset.

### B.    Gotion's new claims are futile.

Gotion's proposed amended Count I seeking to recover damages for the Township's alleged breach of the Development Agreement is futile. To recover damages for a breach of contract, a plaintiff must show: "(1) a contract existed between the parties, (2) the terms of the contract required performance of certain actions, (3) a party breached the contract, and (4) the breach caused the other party injury." *Green Leaf Nursery, Inc. v. KMART Corp.*, 485 F. Supp. 2d 815, 818 (E.D. Mich. 2007). Notwithstanding the Township's arguments regarding formation, required performance, and breach, Gotion cannot prove the fourth required element for a breach of contract claim, and thus its proposed amended Count I is futile.

Gotion initiated this action claiming that the Township's alleged breaches of the Development Agreement would cause it irreparable harm, seeking specific performance of the Township's obligations under the Development Agreement. (ECF No. 1, PageID.19). This Court granted Gotion's request for a preliminary injunction on May 17, 2024, ordering the Township to "comply with its contractual obligations under § 4 of the [Development Agreement]." (ECF No. 23, PageID.355). Gotion vigorously defended the adequacy and propriety of the preliminary

11

injunction in response to the Township's requests for reconsideration or clarification and to stay the preliminary injunction on appeal, which this Court denied. (See, e.g., ECF No. 28, PageID.366; ECF No. 89, PageID.1295). Gotion never sought any modification of the preliminary injunction or otherwise suggested that it was insufficient to protect it from harm.

Gotion had everything it had asked for and ostensibly every reason to force the Township to remedy its alleged "ongoing breaches" of the Development Agreement to enable the Project to move forward. Yet, in the two years that followed, Gotion sat idly by—injunction in hand—while its Project withered. Gotion's only explanation for its utter inaction is that "any attempt to move forward would be futile," with Gotion incredulously asking: "How could Gotion proceed to enforce a contract if the other party to that contract believed they were not bound by it?" (ECF 110, PageID.1464). The answer is obvious: Gotion could have demanded action from the Township, and if it did not receive a satisfactory response, could have sought enforcement of the injunction through contempt proceedings, as any litigant with an injunction would do. Instead, Gotion did nothing. Thus, even if the Township did breach the Development Agreement (which the Township continues to dispute), Gotion cannot establish that such breach was the cause of its damages.

Similarly, even on their face, the other counts desired by Gotion are also plainly futile as a matter of law. For brevity, their futility is summarized below in bullet-points. Gotion's clear lack of diligence in evaluating the viability of these added claims for damages is apparent, and its failure to reasonably inquire into the merits of these proposed claims should not be rewarded.

- *Jones v. Powell*, 462 Mich. 329, 333; 612 N.W.2d 423, 425 (2000) prohibits the recovery of money damages against municipalities (e.g., the Township) for all purported violations of the Michigan Constitution, barring Gotion's proposed Counts II, III, IV, and V.

- In proposed Count II (the "class of one" equal protection claim), Gotion makes no identification of a similarly situated developer or project who was treated differently, which is a prerequisite for the count. *Willowbrook v. Olech*, 528 U.S. 562, 564; 120 S. Ct. 1073, 1074 (2000).

- For proposed Count III (substantive due process), *Charles v. Baesler*, 910 F.2d 1349, 1353 (6th Cir. 1990) provides that breach of contract cases involving alleged breaches by state parties (e.g., the Township) do not give rise to substantive due process claims absent extraordinary circumstances (those rooted in liberty and justice), which are not present in this "simple, undisputed breach of contract" case (ECF No. 37, PageID.492). State-created contractual rights do not rise to the level of "fundamental" interest protected by substantive due process. *Charles*, 910F.2d at 1353.

- For proposed Count IV (contracts clause), *Kaminski v. Coulter*, 865 F.3d 339, 347 (6th Cir. 2017) makes it clear that Gotion is not entitled to financial recovery under 42 U.S.C. § 1983, which is the only viable option for recovery of damages for this claim.

- Count V (takings) is plainly futile as the whole premise of recovery in this proposed amendment for damages is an alleged breach of contract (Count I) and not a promulgated regulation. The Development Agreement requires Gotion to "comply with all lawful existing and future ordinances, rules, or regulations of [the Township]" (ECF 110-1, PageID.1510), and this Court has accepted Gotion's consistent position that it is "not disputing the Township's right to self-zone" (ECF 22, PageID.350). Similarly, Gotion has not satisfied the finality requirements to advance a takings claim as it has made no effort whatsoever under the Interim Zoning Ordinance (or its prior preliminary injunction) to attempt to site the project under Township zoning. *Knick v. Twp. of Scott*, 588 U.S. 180,

13

187-88; 139 S. Ct. 2162, 2169 (2019). This was known to Gotion, which acknowledged that "the Township must diligently review any site plan Gotion submits, apply the provisions of its zoning ordinance to that site plan application, and to the extent it is legally permissible to approve that application (*i.e.*, if Gotion meets the Township's requirements), the Township must approve it" (ECF 32, PageID.451). Gotion made no such efforts to obtain zoning approval and thus cannot claim a taking.

Therefore, all of the counts advanced in Gotion's proposed amendment are futile and leave to amend should be denied.

## CONCLUSION

Gotion's present predicament is one of its own making. It deliberately sought only specific performance premised on the alleged inadequacy of money damages, promptly received a preliminary injunction awarding it precisely the relief it requested, and then, as the Sixth Circuit aptly observed: "despite having obtained a preliminary injunction, and with no stay in place, Gotion nonetheless missed the State-imposed deadlines, imperiling the Project." (ECF 105, PageID.1436). With its initial litigation strategy rendered unsuccessful through its own inaction, Gotion now halfheartedly asks this Court to add new claims for damages that could have been pled in its original complaint filed over two years ago.

Gotion's proposed amendment does not satisfy the requirements of Rule 16 or 15. Applying Gotion's own arguments against it, this motion fails because it ignores the requirements of Rule 16. Overlooking that facial deficiency, Gotion's complete lack of diligence and undue delay in asserting these claims, despite having ample time and information to plead them alongside its request for specific performance from the very start of this action, preclude a finding of good cause for the proposed amendment. The substantial prejudice that would result from adding four new

14

fact-intensive constitutional claims after the close of discovery and the clear futility of each new claim further weigh in favor of denying the proposed amendment.

The Township recognizes that it too has a pending motion for leave to amend that has not yet been decided, and proposes a simple and equitable solution to this Court—both motions can be denied, and this Court can dismiss this action as moot.

Respectfully submitted,

*Fahey Schultz Burzych Rhodes*
Attorneys for Defendant

Dated: June 12, 2026

Christopher Patterson (P74350)
Eric Conn (P64500)
Kyle O'Meara (P83075)
4151 Okemos Road
Okemos, MI 48864
(517) 381-0100

15

## CERTIFICATE OF SERVICE

Eric P. Conn hereby certifies that on the 12th day of June 2026, he did cause the foregoing document and any attachments to be filed with the ECF system which will send notification of such to all parties of record.

_Eric P. Conn (P64500)_

16